UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCELL JONES, | No. 2:22-cv-1384 DB P |
| Plaintiff, | |
| v. | ORDER |
| MICHELLE SHUTE, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se with a civil rights action, has requested a stay of these proceedings, a review of defendants' conduct in discovery, and appointment of counsel. For the reasons set forth below, this court denies plaintiff's request for a stay, finds no basis to intervene in discovery, and denies the request for appointment of counsel.

**BACKGROUND**

Plaintiff is an inmate at the California Substance Abuse Treatment Facility. Plaintiff challenges conduct that occurred from 2019 to 2021 when he was incarcerated at the California Medical Facility ("CMF"). This case is proceeding on claims against Dr. Michelle Shute and Traci Patterson, CCHP Chief Executive Officer at the CMF, in plaintiff's first amended complaint (ECF No. 9).

Plaintiff alleges defendant Shute failed to treat his serious back condition in a timely manner resulting in unnecessary pain and related physical problems. He alleges defendant Patterson reviewed his appeals complaining of Shute's conduct and failed to intervene to provide

plaintiff timely medical care.  This court found plaintiff stated cognizable Eighth Amendment claims against defendants Shute and Patterson.  (ECF No. 11.)

Defendants answered the first amended complaint.  (ECF No. 22.)  On May 5, 2023, this court issued a Discovery and Scheduling Order.  (ECF No. 24.)  The order set deadlines of September 1, 2023 for all discovery, including motions to compel discovery, and November 27, 2023 for any dispositive motions.

Plaintiff's present motions were filed here on July 27, 2023.  (ECF No. 25.)

## REQUEST FOR STAY

Plaintiff states only that he requires a stay because he has "time constraints."  That is not a basis for a stay.  Deadlines and time constraints are a normal part of litigation.  If plaintiff requires additional time to meet a deadline, he may file a motion for an extension of time.  Plaintiff is advised that a party seeking an extension of time must explain why the extension is necessary in order to show good cause for the requested extension.

## REQUEST FOR "INTERVENTION"

In his second request, plaintiff complains about defendants' requests for discovery and the conduct of defendants' counsel.  Plaintiff asks the court to determine whether any of his civil rights have been violated.  He attaches to his request copies of a Request for Admissions and a Request for Production of Documents propounded by defendant Shute.

Specifically, plaintiff complains that the discovery is redundant of questions he answered in his deposition, that the discovery is designed to impede or prevent access to his deposition transcript, and that the Deputy Attorney General violated plaintiff's rights under the Health Care Information Portability and Accountability Act ("HIPAA").  Based on the brief information plaintiff provided, this court cannot determine any sort of civil rights violation.  If plaintiff has complaints about the discovery propounded by defendants, he may exercise his rights under Federal Rules of Procedure 33 and 34.

Finally, plaintiff's claim of a HIPAA violation will not be addressed here.  See Wilkerson v. Shinseki, 606 F.3d 1256, 1267 n.4 (10th Cir. 2010) ("HIPAA does not create a private right of action for alleged disclosures of confidential medical information.").  If plaintiff feels his HIPAA

1  rights to confidentiality of his medical information have been violated, he may submit a

2  complaint with the Department of Health and Human Services.  See

3  https://www.hhs.gov/hipaa/filing-a-complaint/index.html.

4      To the extent plaintiff is complaining that his constitutional right to privacy in his medical

5  records has been violated, plaintiff is advised that he waived any right to privacy in his medical

6  records by putting his medical condition at issue in this lawsuit.  See, e.g., Heilman v. Vojkufka,

7  No. CIV S-08-2788 KJM EFB, 2011 WL 677877 at *2 (E.D. Cal. Feb. 17, 2011) (prisoner

8  waives any constitutional right of privacy in his medical records when he places his medical

9  condition at issue in a lawsuit); cf. Seaton v. Mayberg, 610 F.3d 530, 534 (9th Cir. 2010)

10 (prisoners "do not have a constitutionally protected expectation of privacy in prison treatment

11 records when the state has a legitimate penological interest in access to them.").  Plaintiff's

12 request that this court intervene in discovery or determine his rights have been violated by access

13 to his medical records will be denied.

14     **MOTION FOR THE APPOINTMENT OF COUNSEL**

15     In his request for the appointment of counsel, plaintiff states that his disabilities make it

16 difficult for him to litigate this case.  He contends his eye problems cause him to experience pain

17 when reading or writing and his back problems cause him pain while sitting in order to read and

18 write.  Plaintiff attaches a copy of a Disability/Accommodation Summary.  (ECF No. 25 at 18.)  It

19 indicates he has some physical limitations that require accommodations, such as a lower bunk and

20 no heavy lifting, but makes no mention of any accommodations for eye problems.  It states that

21 plaintiff has "vision impairment" and has eyeglasses and a magnifying device.

22     The United States Supreme Court has ruled that district courts lack authority to require

23 counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490

24 U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the

25 voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d

26 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

27     The test for exceptional circumstances requires the court to evaluate the plaintiff's

28 likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in

light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

This court is sympathetic to the difficulties plaintiff faces in litigating this case.  If plaintiff requires additional time to do so, he may file a motion for an extension of time, as described above.  However, plaintiff has shown a more than adequate ability to litigate this action.  After his initial complaint was dismissed with leave to amend, plaintiff filed a first amended complaint that thoroughly and clearly explained his claims.  This court does not find exceptional circumstances here that would justify a request for the voluntary assistance of counsel.

Accordingly, IT IS HEREBY ORDERED that

1. Plaintiff's motion for a stay (ECF No. 25) is denied;

2. Plaintiff's request for court intervention in discovery (ECF No. 25) is denied; and

3. Plaintiff's motion for the appointment of counsel (ECF No. 25) is denied.

Dated:  August 7, 2023

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB prisoner inbox/civil rights/S/jone1384.31