UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCELL JONES, | No. 2:22-cv-1384 DB P |
| Plaintiff, | |
| v. | ORDER |
| MICHELLE SHUTE, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding with a civil rights action under 42 U.S.C. §1983. Plaintiff alleges defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment when they failed to provide timely treatment for a back condition. On May 5, 2023, this court issued a Discovery and Scheduling Order ("DSO"). (ECF No. 24.) Among other things, that order informed the parties that responses to discovery requests were due forty-five days after the requests were served.

Defendants have filed a motion to compel plaintiff to respond to discovery. (ECF No. 27.) Defendants state that on July 3, they sent plaintiff Requests for Production of Documents and Requests for Admissions. Pursuant to the DSO, plaintiff's responses were due by August

////

////

////

1

21.[1]  When they received no response from plaintiff, on August 25 defendants sent plaintiff a meet and confer letter to attempt to resolve the problem.  By September 1 when they filed the motion to compel, defendants had not received a response to the meet and confer letter.  They had, however, received a copy of plaintiff's request for an extension of time.

In a document dated August 24, and filed here on September 1, plaintiff requests a 60-day extension of time to respond to the discovery.  (ECF No. 28.)  Defendants oppose the request.  (ECF No. 29.)

In his request, plaintiff provides no reasons he was unable to meet the discovery deadline or justifying an additional 60 days to do so.  At this point, plaintiff has had over three months to provide the discovery responses to defendants.  Based on the lack of any notice to the contrary, this court assumes plaintiff still has not provided the responses to defendants.  Because he has had a lengthy period of time to respond to defendants' requests and because he fails to show good cause for any additional time, this court will deny plaintiff's request.

Based on plaintiff's failure to provide any responses to discovery, defendants have demonstrated good cause to compel plaintiff to do so.  See Fed. R. Civ. P. 37(a)(4).  Plaintiff will be ordered to provide responses to the discovery within twenty days.  Plaintiff is warned that if he fails to provide defendants with timely responses to their discovery requests, this court will sanction him either by granting defendants' request that plaintiff pay their costs to make the motion to compel or by dismissing this case.  See Fed. R. Civ. P. 37(d) (describing possible sanctions); Wyle v. R.J. Reynolds Indus., Inc., 709 F.2d 585, 589 (9th Cir. 1983) ("Federal Rule of Civil Procedure 37 authorizes the district court, in its discretion, to impose a wide range of sanctions when a party fails to comply with the rules of discovery." (internal citations omitted)).

Defendants argue that under Rule 36(a)(3) plaintiff has waived any objections to the discovery because any responses are untimely.  While that is technically true, plaintiff's request for an extension of time is deemed filed on the date he provided it to prison authorities for

---

[1] This date considers both the 45-day deadline set out in the DSO and the additional three days provided by the Federal Rules because the discovery was provided to plaintiff through the U.S. Mail. Fed. R. Civ. P. 6(d).

mailing. See Houston v. Lack, 487 U.S. 266, 270 (1988) (describing "mailbox rule"). Plaintiff did not provide a proof of service with his request which would show when he submitted his request for mailing. This court considers the date plaintiff prepared the request, August 24, as the date he mailed it. Therefore, plaintiff filed his request just three days after the discovery was due. Given the delays prisoners often experience in receiving mail and recognizing plaintiff's pro se status, this court will consider plaintiff's request for an extension of time to be timely for purposes of the waiver rule. This court finds plaintiff has not waived objections to the discovery.

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED that:

1. Defendants' motion to compel (ECF No. 27) is granted. Within twenty days of the date of this order, plaintiff shall provide defendants with his responses to the Requests for Production of Documents and the Requests for Admissions. If plaintiff fails to provide defendants with timely responses, this court will impose sanctions.

2. Plaintiff's motion for an extension of time (ECF No. 28) is denied.

Dated: October 10, 2023

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB Prisoner Inbox/Civil Rights/S/jone1384.mtc