UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCELL JONES,<br>Plaintiff,<br>v.<br>MICHELLE SHUTE, et al.,<br>Defendants. | No. 2:22-cv-1384 DB P<br><br><u>ORDER</u> |

Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. §1983. Plaintiff alleges defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment when they failed to provide timely treatment for his back condition. Before the court are defendants' second motion to compel and motion for sanctions. For the reasons set forth below, this court grants in part defendants' motion to compel and grants in part defendants' motion for sanctions.

**BACKGROUND**

This case is proceeding on plaintiff's first amended complaint, filed here on October 6, 2022, against defendants Dr. Michelle Shute, plaintiff's primary care physician, and Traci Patterson, CCHP Chief Executive Officer. (ECF No. 10.) On screening, this court found plaintiff stated cognizable Eighth Amendment claims that defendants were deliberately indifferent to

////

plaintiff's serious medical needs when they did not provide timely treatment for his back condition.

On May 5, 2023, this court issued a Discovery and Scheduling Order ("DSO"). (ECF No. 24.) Among other things, that order informed the parties that responses to discovery requests were due forty-five days after the requests were served. On September 1, 2023, defendants filed a motion to compel plaintiff to respond to Requests for Production of Documents and Requests for Admissions served on plaintiff on July 3, 2023. (ECF No. 27.) Plaintiff then sought an extension of time to respond to the discovery requests. (ECF No. 28.) Because he provided no justification for his delay in responding to the discovery, this court denied the extension of time, granted the motion to compel, and gave plaintiff twenty days to provide defendants with responses to the July 3 discovery requests. (Oct. 11, 2023 Order; ECF No. 30.) This court also warned plaintiff that if he failed to provide defendants with timely responses to their discovery requests, this court would sanction him either by granting defendants' request that plaintiff pay their costs to make the motion to compel or by dismissing this case.

On November 9, 2023, defendants filed the present motion to compel. (ECF No. 31.) In that motion, defendants again seek to compel plaintiff to respond to the document production requests and requests for admissions and seek an order requiring plaintiff to participate in a continuation of her deposition. In addition, defendants seek sanctions. Plaintiff filed an opposition (ECF No. 34) and defendants filed a reply (ECF No. 35).

## MOTION TO COMPEL

### I. Legal Standards for Motion to Compel

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

The party moving to compel bears the burden of informing the court (1) which discovery requests are the subject of the motion to compel, (2) which of the responses are disputed, (3) why the party believes the response is deficient, (4) why any objections are not justified, and (5) why the information sought through discovery is relevant to the prosecution of this action. McCoy v. Ramirez, No. 1:13-cv-1808-MJS (PC), 2016 WL 3196738, at *1 (E.D. Cal. June 9, 2016); Ellis v. Cambra, No. 1:02-cv-5646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008).

The purpose of discovery is to "remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." United States v. Chapman Univ., 245 F.R.D. 646, 648 (C.D. Cal. 2007) (quotation and citation omitted). Rule 26(b)(1) of the Federal Rules of Civil Procedure offers guidance on the scope of discovery permitted:

> Parties may obtain discovery regarding any nonprivileged information that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

"Relevance for purposes of discovery is defined very broadly." Garneau v. City of Seattle, 147 F.3d 802, 812 (9th Cir. 1998). "The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." Bryant v. Ochoa, No. 07cv200 JM (PCL), 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009) (internal citation omitted).

**II. Discussion**

Defendants argue that plaintiff's discovery responses are largely inadequate. They contend plaintiff failed to properly respond to the document production requests because he simply provided defendants with access to his entire medical file. With respect to the requests for admissions, defendants argue that plaintiff's responses are argumentative or unclear. Defendants also charge plaintiff with ending his deposition in bad faith. They seek an order permitting them to continue the deposition.

**A. Document Production Requests**

Defendants propounded thirteen document production requests. (ECF No. 31-1 at 8-11.) Plaintiff's response to each request was the same: "To prevent undue cost and delay Plaintiff has signed a 'CDCR 7385' Release of Information authorizing Audra Call to access requested documents." (Id. at 21-24.) Form 7385 is an "Authorization for Release of Protected Health Information." (Id. at 43-44.) Plaintiff provided defendants with no physical documents.

Plaintiff's response to the document production request is not appropriate for three reasons. First, plaintiff may not simply provide defendants with access to thousands of pages of documents, many of which are undoubtedly unresponsive to defendants' requests.[1] Plaintiff is required to identify the documents responsive to each document production request. "Rule 34 is generally designed to facilitate discovery of relevant information by preventing attempts to hide a needle in a haystack by mingling responsive documents with large numbers of nonresponsive documents" and "[a] producing party fails to meet its Rule 34 obligations by producing a mass of undifferentiated documents for the responding party to inspect." Franco-Gonzalez v. Holder, No. CV 10-2211-DMG DTBX, 2013 WL 8116823, at *4 (C.D. Cal. May 3, 2013) (quoting City of Colton v. Am. Promotional Events, Inc., 277 F.R.D. 578, 584–85 (C.D.Cal.2011)). Plaintiff's boilerplate response "makes it impossible to tell which documents [plaintiff] claims are responsive to which request." Queensridge Towers, LLC v. Allianz Glob. Risks US Ins. Co., No. 2:13-CV-00197-JCM, 2014 WL 496952, at *5 (D. Nev. Feb. 4, 2014). Defendants are entitled to that information. Plaintiff's response must be "adequate to permit [defendants] to identify and locate which documents [plaintiff] alleges are responsive to which requests." Id.

Second, plaintiff's response assumes all of defendants' document production requests can be satisfied by plaintiff's medical records. That does not appear to be the case. For example, Request No. 7 seeks "All DOCUMENTS that support your contention that Defendant Patterson's denial of intervention was a deliberate effort to protect Shute despite evidence Plaintiff was

---

[1] Based on her review of plaintiff's medical records, Deputy Attorney General Call estimates there are thousands of pages of documents from the relevant time period. (See ECF No. 31-1 at 5.)

suffering due to a serious medical need." It seems unlikely that any evidence plaintiff has that Patterson deliberately acted to protect Shute would be found in plaintiff's medical records. Similarly, it is highly unlikely that documents responsive to Request No. 8, which seeks "All DOCUMENTS that evidence, reflect, or relate to statements you have received from any person other than an attorney related to your allegations in your First Amended Complaint," would be found in the medical records.

Finally, plaintiff failed to produce any documents. He argues that requiring him to produce copies of documents defendants already have would create "undue cost and delay." (ECF No. 34 at 2.) Plaintiff does not explain what costs he would incur. Plaintiff has the right to obtain a free copy of his medical records. (Decl. of D. Gamez, ECF No. 31-2 at 2.) There is no indication he has attempted to obtain those records since defendants propounded their discovery in July 2023. (Id.) If plaintiff contends the cost of making additional copies to provide to defendants is prohibitive, he could have avoided any such costs by providing defendants access to his medical records and identifying the specific documents in those records that are responsive to each document production request. Further, any delay is plaintiff's doing. Plaintiff's failure to comply with the discovery rules has delayed these proceedings well past the discovery cut-off date of September 1, 2023. (See ECF No. 24.)

Defendants' motion to compel further responses to their document production requests will be granted.

**B. Requests for Admissions**

Defendants propounded twenty-three requests for admissions on July 3, 2023. Plaintiff denied the following requests: Nos. 10, 11, 14, 15, 17, 19, 21, and 23. Plaintiff also admitted without qualification Request No. 16. Defendants contend the remaining responses provided are evasive, incomplete, and/or argumentative.

Federal Rule of Civil Procedure 36(a)(4) states:

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and

> qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Plaintiff provided the following responses to the remaining requests. (<u>See</u> ECF No. 31-1 at 13-16, 25-29.) This court addresses each below.

REQUEST FOR ADMISSION NO. 1: "Admit that Defendant Shute referred you to specialists related to your back pain."

<u>Response</u>: "Partially admitted, otherwise denied due to the issue of timing of the refer[r]al's order date."

<u>Ruling</u>: Plaintiff does not directly respond to the request. Because he "denies" the request only due to the timing of the referral, which is not a subject of the request, it can be inferred that plaintiff admits that Shute did refer him to specialists related to his back pain. Request No. 1 is deemed admitted.

REQUEST FOR ADMISSION NO. 2: "Admit that Defendant Shute prescribed you medication to treat your back pain."

<u>Response</u>: "Partially admitted otherwise denied due to the issue of the quality and timing of the medication order."

<u>Ruling</u>: Again, plaintiff is attempting to add argument to his response. And, again, he admits that Shute prescribed some sort of medication to treat his back pain. Request No. 2 is deemed admitted.

REQUEST FOR ADMISSION NO. 3: "Admit that Defendant Shute ordered physical therapy for your back pain."

<u>Response</u>: "Partially admitted otherwise denied due to the issue of timing of the order."

<u>Ruling</u>: Again, plaintiff adds argument to his admission. Request No. 3 is deemed admitted.

REQUEST FOR ADMISSION NO. 4: "Admit that Defendant Shute ordered an MRI of your lumbar spine.

Response: "Partially admitted otherwise denied due to the issue of timing of the order."

Ruling: For the same reasons, Request No. 4 is deemed admitted.

REQUEST FOR ADMISSION NO. 5: "Admit that you had an MRI of your lower spine taken in March 2021."

Response: "Partially admitted otherwise denied due to the issue of timing of the order and limited scope of the area imaged."

Ruling: This court finds plaintiff's qualification of the admission regarding the scope of the MRI appropriate because "lower spine" does not specifically identify what was imaged. Plaintiff's mention of timing is argumentative.

REQUEST FOR ADMISSION NO 6: "Admit that Dr. Shute referred you to a neurologist for evaluation after you suffered the injury in August 2021 that you allege in your First Amended Complaint."

Response: "Partially admitted, otherwise denied due to Shute's refer[r]al being submitted as a resubmission of another care provider's findings and request."

Ruling: Plaintiff's response is again argumentative. It is apparent he admits Shute referred him. Request No. 6 is deemed admitted.

REQUEST FOR ADMISSION NO. 7: "Admit that Dr. Shute referred you to a neurosurgeon for evaluation after your suffered the injury in August 2021 that you allege in your First Amended Complaint."

Response: "Partially admitted, otherwise denied due to Shute's refer[r]al being submitted as a resubmission of another care provider's findings and request."

Ruling: For the same reasons, Request No. 7 is deemed admitted.

REQUEST FOR ADMISSION NO. 8: "Admit that you refused to allow Defendant Shute to examine you at a medical visit you attended with Dr. Shute on or about May 13, 2021."

Response: "Partially admitted, otherwise denied. Plaintiff refused out of fear for his safety/health and was subsequently seen by Shute accompanied by a nurse, instead of just Shute."

Ruling: Because plaintiff admits he refused to be examined by Shute on May 13, 2021, the request is deemed admitted. The remainder of plaintiff's response is argumentative.

REQUEST FOR ADMISSION NO. 9: "Admit that you did not see Defendant Shute for a medical appointment between November 20, 2020 and May 12, 2021."

Response: "Partially admitted, otherwise denied due to Covid restrictions that were in place.

Ruling: Plaintiff's "denial" is argument, apparently regarding the reasons he did not see Shute. Request No. 9 is deemed admitted.

REQUEST FOR ADMISSION NO. 12: "Admit that Defendant Shute ordered an x-ray of your cervical spine following your visit with her on November 19, 2020."

Response: "Partially admitted, otherwise denied due to the issue of timing of the order date."

Ruling: For the same reasons set out above with respect to Request No. 1, Request No. 12 is deemed admitted.

REQUEST FOR ADMISSION NO. 13: "Admit that you do not know what guidelines Defendant Shute was required to follow with respect to ordering an MRI of your cervical spine."

Response: "Partially admitted, otherwise denied due to plaintiff's experience going through the process at home and in CDCR custody."

Ruling: Defendants have not gone through each request and response, despite the fact plaintiff has not responded to each request with identical language. While most of plaintiff's attempts to qualify his responses are, as defendant contends, argumentative, some of plaintiff's responses can be construed as appropriate qualifications. Here, plaintiff appears to be stating that he has some knowledge of CDCR's process for ordering an MRI. This court will permit plaintiff's response to stand as is.

REQUEST FOR ADMISSION NO. 18: "Admit that you had an x-ray of your cervical spine in March 2021."

Response: "Partially admitted, otherwise denied due to plaintiff's recollection of X-ray date."

Ruling: Plaintiff appears to admit that he had an x-ray of his cervical spine but states that he does not recall the date. As construed, this is an appropriate response and will stand.

REQUEST FOR ADMISSION NO. 20: "Admit that you had physical therapy in August and September 2021 for your back."

Response: "Partially admitted, otherwise denied due to the progression of injury bringing a halt to physical therapy around that time."

Ruling: This court will allow to stand plaintiff's response as construed that he had some physical therapy around that time but it was discontinued. To the extent plaintiff provides a reason the therapy was discontinued, that aspect of his denial is not responsive.

REQUEST FOR ADMISSION NO. 22: "Admit that you told your physical therapist on or about September 3, 2021 that you were doing okay but that your primary care physician was sending you to see a neurologist and getting you an MRI of your neck."

Response: "Partially admitted, otherwise denied due to plaintiff's recollection. Plaintiff informed physical therapy that Dr. Chance ordered things as a result of a recent collapse requiring emergency attention."

Ruling: This court finds plaintiff's response unclear. It is not clear just what part of the request plaintiff is admitting and what part plaintiff is denying. Plaintiff will be ordered to provide a new response to Request No. 22.

**CONTINUATION OF DEPOSITION**

Defendants' counsel states that she started plaintiff's deposition on June 30, 2023. (ECF No. 31-1 at 1-2.) Counsel contends plaintiff was largely uncooperative and the deposition ended prematurely when plaintiff complained that he was in too much pain to continue. Defendants then propounded written discovery on July 3, 2023. Counsel states that her intention was to determine whether continuation of the deposition was necessary after reviewing the written discovery responses. Because she has not received complete responses to the written discovery, she is unable to make that determination. Defendants argue that "at this point it is necessary to

////

proceed with the deposition and to request leave from the court to do the same due to Plaintiff's repeated failures to respond appropriately to discovery." (ECF No. 31 at 12.)

Plaintiff disputes many of defendants' counsel's characterizations of the deposition. Among other things, plaintiff contends that no attempt was made to accommodate his disability, though he does not contend that he requested an accommodation. Plaintiff states that he suggested rescheduling the deposition and doing so by video call to avoid defendants' counsel's travel to the prison. Plaintiff also argues that defendants chose to conduct written discovery rather than continuing the deposition and have had plenty of time to reschedule the deposition.

As stated above, the delay in discovery is due to plaintiff's refusal to comply with the rules and this court's orders. Defendants are not limited to one type of discovery. This court agrees that plaintiff's continued refusal to provide defendants with adequate discovery responses is good grounds to permit defendants to continue the deposition. However, this court will order defendants to refrain from scheduling the deposition until after they receive plaintiff's supplemental discovery responses as described above.

**SANCTIONS**

Defendants provide two bases for an award of sanctions. First, the delays in providing written discovery, and the failure to adequately respond to discovery, have caused defendants' counsel to spend time discussing the problems with plaintiff and filing motions. It's worth noting that judicial resources have also been expended to consider defendants' motions. Second, defendants argue that plaintiff acted in bad faith when he ended his deposition.

Federal Rule of Civil Procedure 37(d) authorizes the court to impose sanctions when a party fails to serve answers to properly served interrogatories or requests for inspection of documents. Fed. R. Civ. P. 37(d)(1)(A). The court may impose a broad range of sanctions, including "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters into evidence," "staying further proceedings" until the party has complied with discovery requirements, and "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(d)(3) (incorporating sanctions from Fed. R. Civ. Proc. 37(b)(2)(A)(i)-(vi)); see also, e.g., Wyle v. R.J. Reynolds Indus., Inc., 709 F.2d 585,

589 (9th Cir. 1983) ("Federal Rule of Civil Procedure 37 authorizes the district court, in its discretion, to impose a wide range of sanctions when a party fails to comply with the rules of discovery." (internal citations omitted)). The court may also order the disobedient party to pay the moving party the cost of making a motion to compel. Fed. R. Civ. P. 37(d)(3). The "sanction" available for failure to respond to a request for admissions is that the request is deemed admitted. Fed. R. Civ. P. 36(a)(3).

Plaintiff is proceeding pro se, and this court is mindful of precedent directing lenience in the interpretation of plaintiff's filings. The pleadings of pro se litigants are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Such lenience is important in a civil rights case, where "the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt." Karim-Panahi v. L.A. Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988); see also Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992) (The rule of liberal construction is "particularly important in civil rights cases."). Nevertheless, while courts construe pleadings liberally in favor of pro se litigants, pro se plaintiffs remain bound by the applicable procedural rules. See Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir. 1995). "A party's lack of counsel may be considered in evaluating the willfulness of discovery violations and the failure to obey orders and in weighing the other factors regarding dismissal, but pro se status does not excuse intentional noncompliance with discovery rules and court orders." Sanchez v. Rodriguez, 298 F.R.D. 460, 470 (C.D. Cal. 2014) (collecting cases).

This court finds plaintiff has intentionally refused to comply with the discovery rules and court orders. The Discovery and Scheduling Order made clear that "[r]esponses to written discovery requests shall be due forty-five days after the request is served." (ECF No. 24 at 5.) When plaintiff complained that defendants were misusing the discovery process, this court informed plaintiff that if he had "complaints about the discovery propounded by defendants, he may exercise his rights under Federal Rules of Procedure 33 and 34." (ECF No. 26 at 2.) Those rules explain how a party may respond to discovery, including how they may object to it.

When this court granted defendants' first motion to compel on October 11, 2023, it noted that plaintiff had provided no reasons he could not comply with the forty-five-day deadline for

discovery responses. This court informed plaintiff in that order that he had twenty days to provide defendants with discovery responses and, if he failed to provide timely responses, “this court will sanction him either by granting defendants’ request that plaintiff pay their costs to make the motion to compel or by dismissing this case.” (ECF No. 30 at 2.)

While plaintiff’s responses to the discovery could be considered timely because they were provided to defendants before the twenty-day deadline expired, the responses to the requests for admissions are, as set out above, wholly inadequate. Plaintiff made no effort to properly respond to the document production request. Defendants’ counsel has expended considerable time in meeting and conferring with plaintiff regarding discovery and filing two motions to compel. This court finds some sanctions are justified for plaintiff’s failures with respect to the document production requests.

This court finds plaintiff made some effort to respond to the request for admissions. Except to the extent described above, the requests will not be deemed admitted under Rule 36. Plaintiff will be permitted to supplement one request.

With respect to defendants’ counsel’s contention that plaintiff acted in bad faith when he cut his deposition short, this court will not make a finding at this time. Finding bad faith would require a credibility determination about plaintiff’s contention that he could not longer participate due to pain. This court will not make such a credibility determination based on the parties’ filings and, in any event, finds continuation of the deposition appropriate.

Defendants’ counsel stated that she spent 10.5 hours preparing this second motion to compel and, at the time she filed the motion, anticipated spending another 3 hours reviewing plaintiff’s opposition and preparing a reply brief. She states that her billing rate is $220/hour for a total of $2970. Defendants were forced to file two motions to compel. This court finds above that plaintiff intentionally failed to respond appropriately to any of the requests for production of documents. Based on plaintiff’s indigency, this court finds good cause for sanctions in the amount of $1500 to recompense defendants and to deter plaintiff from further failures to comply with court orders and rules.

////

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED that:

1. Defendants' motion to compel (ECF No. 31) is granted in part as follows:

   a. Within twenty days of the date of this order, plaintiff shall serve on defendants appropriate responses to defendants' document production requests. If documents responsive to a request are contained in plaintiff's medical records, plaintiff need not provide a copy of the document but must identify the date, name of the document, and page number if available. For responsive documents that are not contained in plaintiff's medical records, plaintiff shall describe the document in his response and include a copy with his responses.

   b. Within twenty days of the date of this order, plaintiff shall serve on defendants a supplemental response to Request for Admission No. 22.

   c. Within ten days of the receipt of plaintiff's supplemental discovery responses, defendants may schedule a continuation of plaintiff's deposition. The deposition may be conducted in person or through video call. Plaintiff is advised that he must seek any accommodations for the deposition by informing defendants' counsel after he receives notice of the deposition and before the deposition takes place. Defendants shall inform the court when plaintiff's deposition is completed or when they determine they will not continue the deposition, whichever is later.

2. Defendants' motion for sanctions (ECF No. 31) is granted in part. Defendants are awarded $1500 in sanctions under Federal Rule of Civil Procedure 37.

Dated: February 29, 2024

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9/DB Prisoner Inbox/Civil Rights/S/jone1384.mtc(2)