1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    MARCELL JONES,                          No.  2:22-cv-1384-DJC-SCR-P

12                    Plaintiff,

13          v.                                 FINDINGS AND RECOMMENDATIONS

14    MICHELLE SHUTE, et al.,

15                    Defendants.

16

17          Plaintiff is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42

18    U.S.C. § 1983.  The operative pleading is plaintiff's first amended complaint, which alleges

19    defendants were deliberately indifferent to his serious medical needs in violation of the Eighth

20    Amendment when they failed to provide timely treatment for a back condition.  ECF No. 11

21    (screening order).  Defendants' third motion to compel discovery responses from plaintiff, which

22    also requests dismissal sanctions, is currently pending.  ECF No. 41.  For the reasons discussed

23    below, the undersigned recommends granting the motion and dismissing this action.

24          **I.      Factual and Procedural History**

25          Discovery opened in this case on May 5, 2023, when the court issued its original

26    Discovery and Scheduling Order.  ECF No. 24.  Defendants filed their first motion to compel on

27    September 1, 2023.  ECF No. 27.  By order dated October 11, 2023, the court granted defendants'

28    motion and required plaintiff to serve responses to defendants' Requests for Production of

Documents and Requests for Admissions within 20 days.  ECF No. 30.  That same order warned plaintiff that his failure to comply would result in the imposition of sanctions by either granting defendants' request that plaintiff pay their costs in connection with the motion to compel or by dismissing this case.  ECF No. 30 at 2.

On November 9, 2023, defendants filed their second motion to compel.  ECF No. 31.  The court granted this motion on March 1, 2024, after having to vacate the dispositive motions deadline.  See ECF Nos. 38-39.  Plaintiff was once again ordered to serve appropriate responses to defendants' document production requests and a supplemental response to defendants' Request for Admission No. 22 within 20 days.  ECF No. 39 at 13.  The court did not require plaintiff to photocopy all his responsive medical records, but the order specifically required plaintiff to identify the date, name of the document, and page number of any responsive medical records. ECF No. 39 at 13.  The court further found that plaintiff had intentionally refused to comply with the discovery rules and court orders and imposed monetary sanctions on plaintiff in an effort "to recompense defendants and to deter plaintiff from further failures to comply with court orders and rules."  ECF No. 39 at 12.

Defendants filed their third motion to compel on April 2, 2024.  ECF No. 41.  In this motion, defendants seek further responses to their Requests for Production of Documents or, in the alternative, an order for dismissal sanctions based on plaintiff's failure to comply with the March 1, 2024, order.  ECF No. 41 at 6.  Defendants received plaintiff's supplemental response to their Requests for Production on March 22, 2024, which they assert are once again deficient because they "are largely just more veiled instances of Plaintiff essentially directing Defendants to 'go find it yourself.'"  ECF No. 41 at 10; see also ECF No. 41-1 at 50-55 (Plaintiff's supplemental response).  In the motion, defendants specifically describe how each one of plaintiff's supplemental responses are deficient, which the court will not reiterate here.  ECF No. 41 at 10-17.  Defendants argue that plaintiff has yet to make a "reasonable inquiry" into his own medical records to comply with Rule 34 of the Federal Rules of Civil Procedure or this court's prior orders.  ECF No. 41 at 17-18.  Defendants submit a second Declaration from a Health Records Technician indicating that plaintiff has still not submitted a request to review his own

1   medical records at the prison.  ECF No. 41-2.  Defendants contend that plaintiff's repeated

2   failures to adequately respond to their Requests for Production of Documents constitutes willful

3   and sanctionable non-compliance.  ECF No. 41 at 20.  According to defendants, they are

4   prejudiced by plaintiff's discovery delays and repeated refusals to fully respond because they

5   "cannot move forward with a dispositive motion or a continued deposition, and also cannot

6   effectively defend this case without the discovery responses from Plaintiff."  ECF No. 41 at 21.

7       Plaintiff filed a letter which this court liberally construes as his opposition to the pending

8   motion to compel.  ECF No. 43; see Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992)

9   (describing the liberal construction rule for pro se prisoners as "particularly important in civil

10   rights cases").  Plaintiff indicates that he has provided the location, date, name, and page of the

11   requested documents "to the best of his knowledge."  ECF No. 43 at 2.  However, plaintiff

12   acknowledges that his supplemental responses simply "mirror" his earlier responses filed on

13   October 8, 2023.  ECF No. 43 at 2.  Plaintiff asserts that he does not have physical access to a

14   computer terminal containing his medical records.  Id.  Sometime between July 12, 2023, and

15   October 12, 2023, plaintiff indicates that he did in fact request to review his medical records, but

16   he obtained "negative results."  ECF No. 43 at 3.  Plaintiff also acknowledges that he can obtain

17   one free copy of his medical records from CDCR.  ECF No. 43 at 3.  He continues to insist that it

18   is defendants' obligation to enlist expert assistance if they cannot locate documents within his

19   medical records.  Id. at 3.

20       **II.    Legal Standards**

21       Federal Rule of Civil Procedure 37(d) authorizes the court to impose sanctions when a

22   party fails to serve answers, objections, or written to properly served requests for inspection of

23   documents.  Fed. R. Civ. P. 37(d)(1)(A).  Rule 37(b) authorizes the imposition of sanctions for a

24   party's failure to "obey an order to provide or permit discovery[.]"  Fed. R. Civ. P. 37(b)(2)(A).

25   Under either subpart of Rule 37, the sanctions may include dismissal of the action.  Fed. R. Civ.

26   P. 37(d)(1)(A); Fed. R. Civ. P. 37(b)(2)(A)(v).  However, "[o]nly 'willfulness, bad faith, and

27   fault' justify terminating sanctions."  Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills,

28   482 F.3d 1091, 1096 (9th Cir. 2007).

1
2
3
4
5
6

> [The Ninth Circuit has] constructed a five-part test, with three subparts to the fifth part, to determine whether a case-dispositive sanction under Rule 37(b)(2) is just: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. The sub-parts of the fifth factor are whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions.

7    Id. (citation omitted).[1]

8    **III.    Analysis**

9    After reviewing the motion to compel and the attached documents, the court finds that

10   defendants have met their burden of demonstrating that plaintiff's supplemental responses do not

11   comply with his discovery obligations or this court's March 1, 2024, order. The majority of

12   plaintiff's supplemental responses simply provide dates that span years of his medical records,

13   which would still require defendants to sift through to try to find any relevant, discoverable

14   information. Plaintiff has repeatedly failed to comply with his discovery obligations under the

15   Federal Rules of Civil Procedure and this court's prior orders. Therefore, the only remaining

16   question is whether terminating sanctions are appropriate at this juncture.

17   The court finds that the public's interest in expeditiously resolving this litigation and the

18   court's interest in managing the docket weigh in favor of dismissal. See Henry v. Gill Industries,

19   Inc., 983 F.2d 943, 948 (9th Cir. 1993). Plaintiff has demonstrated his ongoing resistance to

20   complying with this court's orders as well as fulfilling his discovery obligations. He was also

21   warned that his failure to comply could result in sanctions up to dismissal of the case. Despite the

22
23
24
25
26
27
28

---

[1] There are other sources of authority for sanctions in this context. "District courts have the inherent power to control their dockets. In the exercise of that power they may impose sanctions including, where appropriate, default or dismissal." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986) (citing Link v. Wabash R.R. Co., 370 U.S. 626 (1961)). However, a court may not rely on inherent authority to impose discovery sanctions not authorized by Rule 37. See Gregory v. Montana, 118 F.4th 1069, 1080 (9th Cir. 2024). A court may also dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 41(b); L.R. 110; Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) (citing United States v. Warren, 601 F.2d 471, 474 (9th Cir. 1979)) (dismissal for noncompliance with local rule); Malone v. United States Postal Serv., 833 F.2d 128, 133 (9th Cir. 1987) (dismissal for failure to comply with court order).

1   court's imposition of monetary sanctions and a subsequent clear warning about terminating

2   sanctions, plaintiff has failed to provide the required responses.  At this juncture, it is clear to the

3   court that plaintiff has no intention of fulfilling his discovery obligations as directed because he

4   continues to try to shift the obligation onto defendants to sift through his medical records.

5           The third factor, risk of prejudice to defendants, also weighs in favor of dismissal.  "To

6   prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to

7   proceed to trial or threatened to interfere with the rightful decision of the case."  Pagtalunan v.

8   Galaza, 291 F.3d 639, 642 (9th Cir. 2002).  The risk of prejudice is considered in relation to

9   plaintiff's reason for defaulting.  Malone, 833 F.2d at 131.  Plaintiff has failed to provide an

10  adequate explanation for his failure to comply with his discovery obligations, especially

11  considering his acknowledgment that he can obtain a free copy of his medical records.  In light of

12  this, plaintiff's failure to adequately respond to defendants Requests for Production substantially

13  hinders defendants' ability to investigate and defend against his allegations.  At this point,

14  defendants cannot move forward with filing a dispositive motion without plaintiff's complete

15  discovery responses.  Therefore, the undersigned finds that allowing this case to proceed would

16  risk prejudicing defendants.

17          The fourth factor weighs against dismissal, since "public policy strongly favors

18  disposition of actions on the merits."  Yourish v. California Amplifier, 191 F.3d 983, 992 (9th

19  Cir. 1999).  However, this factor is greatly outweighed by the other factors favoring dismissal.

20          At this juncture, the court finds that there are no other, lesser sanctions that would be

21  satisfactory or effective.  The court has already imposed monetary sanctions against plaintiff in an

22  effort to obtain his compliance with his discovery obligations.  Monetary sanctions had no

23  meaningful impact.  Evidentiary sanctions are not a viable alternative in this case.  If plaintiff

24  were precluded from presenting any medical evidence at summary judgement or trial, the

25  inevitable result would be a judgment in defendants' favor.  The court will not require the parties

26  to continue through the time and expense of further discovery and motions only to result in the

27  same outcome as immediate terminating sanctions.  For all these reasons, terminating sanctions

28  are justified in this case.  It is recommended that defendants' motion to compel be granted and

1    that terminating sanctions be imposed for plaintiff's failure to properly answer Defendants'

2    Requests for Production and failure to comply with this court's orders.

3              **IV.     Plain Language Summary for Party Proceeding Without a Lawyer**

4              Since plaintiff is representing himself in this case, the court wants to make sure that the

5    words of this order are understood.  The following information is meant to explain this order in

6    plain English and is not intended as legal advice.

7              It is recommended that your case be dismissed based on your failure to provide adequate

8    discovery responses to defendants as the court previously ordered you to do.  You have not

9    explained why you never tried to obtain a free copy of your own medical records to list specific

10   portions or pages of them that are relevant to the allegations in this case.

11             If you disagree with this recommendation, you have 21 days to explain why it is not

12   correct.  Label your explanation "Objections to Magistrate Judge's Findings and

13   Recommendations."  The district judge assigned to your case will review the file and make the

14   final decision.

15             IT IS HEREBY RECOMMENDED that:

16             1.  Defendant's third motion to compel (ECF No. 41) be granted and terminating sanctions

17   be imposed based on plaintiff's failure to comply with a court order.

18             2.  The Clerk of Court be directed to close this case.

19             These findings and recommendations are submitted to the United States District Judge

20   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days

21   after being served with these findings and recommendations, any party may file written

22   objections with the court and serve a copy on all parties.  Such a document should be captioned

23   "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

24   objections shall be filed and served within fourteen days after service of the objections.  The

25   parties are advised that failure to file objections within the specified time may waive the right to

26   appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

27   ////

28   ////

6

March 26, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE