UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCELL JONES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MICHELLE SHUTE, et al.,<br><br>　　　　Defendants. | No.  2:22-cv-1384-DJC-SCR P<br><br><br>ORDER |

　　　　Plaintiff, a state prisoner proceeding pro se, filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On March 27, 2025, the Magistrate Judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty-one days.  Plaintiff filed objections to the findings and recommendations.

　　　　In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a de novo review of this case.  Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

　　　　In addition, the Court has considered Plaintiff's request, contained in his

1

objections, to appoint counsel. A person generally has no right to counsel in civil actions. *See Palmer v. Valdez,* 560 F.3d 965, 970 (9th Cir. 2009) (citing *Storseth v. Spellman,* 654 F.2d 1349, 1353) (9th Cir. 1981)). However, under "exceptional circumstances" the court may request counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *Id*; 28 U.S.C. § 1915(e)(1). Courts are to consider whether (1) there is a likelihood of success on the merits; and (2) the prisoner is unable to articular his claim in light of the complexity of the legal issues involved. *Cano v. Taylor,* 739 F.3d 1214, 1218 (9th Cir. 2014). Having considered these factors, the Court concludes appointment of counsel is not warranted.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations (ECF No. 49) are adopted in full.

2. Defendant's third motion to compel (ECF No. 41) is granted and terminating sanctions are imposed based on plaintiff's failure to comply with a court order.

3. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:  **May 23, 2025**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

jone1384.805

2