UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCELL JONES, | No. 2:22-cv-1384-DJC-SCR |
| Plaintiff, | |
| v. | ORDER |
| MICHELLE SHUTE, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding representing himself in this civil rights action filed pursuant to 42 U.S.C. § 1983. Judgment for defendants was entered on May 27, 2025 as a sanction for plaintiff's willful failure to comply with a court order. ECF No. 52. Defendants filed a bill of costs on June 10, 2025. ECF No. 54. Plaintiff objects to defendants' requests for costs associated with taking his deposition. ECF No. 57. For the reasons discussed in further detail below, the bill of costs will be denied.

Defendants seek reimbursement in the amount of $1,494.20 for costs associated with taking plaintiff's deposition. ECF No. 54. Plaintiff filed an objection to the bill of costs asserting that he remains an indigent prisoner and that ordering him to pay costs would not be in the interests of justice. ECF No. 57. Defendants did not file a reply to plaintiff's objections. See ECF No. 56 (setting briefing schedule on bill of costs).

Rule 54(d)(1) of the Federal Rules of Civil Procedure creates a rebuttable presumption

1

1  that costs, other than attorney's fees, should be awarded to the prevailing party. However, a
2  district court has the discretion to refuse an award of costs. See Ass'n of Mexican-Am. Educators
3  v. California, 231 F.3d 572, 591 (9th Cir. 2000). If the court declines to award costs to the
4  prevailing party, it "must specify reasons for its refusal to award costs." Mexican-Am. Educators,
5  231 F.3d at 591 (citation omitted). Reasons to refuse to award costs include "the losing party's
6  limited financial resources; misconduct on the part of the prevailing party; the importance of the
7  issues; the importance and complexity of the issues; the merit of the plaintiff's case, even if the
8  plaintiff loses; and the chilling effect on future civil rights litigants of imposing high costs." Save
9  Our Valley v. Sound Transit, 335 F.3d 932, 945 (9th Cir. 2003) (internal citations omitted); see
10 also National Org. for Women v. Bank of Cal., 680 F.2d 1291, 1291 (9th Cir. 1982) (per curiam)
11 (upholding the refusal to award costs based on the losing party's limited financial resources);
12 Stanley v. Univ. of Southern California, 178 F.3d 1069, 1080 (9th Cir. 1999) (finding that the
13 district court abused its discretion in awarding costs for failing to consider the chilling effect on
14 future civil rights litigation and the losing party's indigency).

15    In this case, the court finds that imposing costs on plaintiff is not justified for multiple
16 reasons. First and foremost, plaintiff is a state prisoner proceeding in forma pauperis. At the time
17 that he filed the complaint in this case, he had no money in his inmate trust account. ECF No. 2
18 at 3. He has remained in custody for the last three years. Therefore, there is no indication on the
19 record before the court that he has any financial resources with which to pay the costs.
20 Additionally, since this case involved allegations of deliberate indifference to serious medical
21 needs in violation of the Eighth Amendment, the court also finds that the issues involved were
22 important and that an award of costs may have a chilling effect on future civil rights litigation by
23 prisoners. See Draper v. Rosario, 836 F.3d 1072 (9th Cir. 2016) (emphasizing that "[i]ndividual
24 Eighth Amendment cases are important for safeguarding the rights and safety of prisoners" and
25 collecting cases where district courts have declined to tax costs due to chilling effect on civil
26 rights litigation). Moreover, the procedural history of this case makes an award of costs
27 inappropriate. On March 1, 2024, the court awarded defendants $1,500 in monetary sanctions
28 based on plaintiff's intentional failure to comply with discovery rules and court orders. See ECF

1  No. 39 at 11-13.  However, the imposition of monetary sanctions did not induce plaintiff to
2  comply with court orders.  Defendants had to file a third motion to compel discovery responses
3  from plaintiff on April 2, 2024.  ECF No. 41.  In this motion, defendants requested terminating
4  sanctions.  ECF No. 41.  Having obtained the requested relief based on plaintiff's failure to
5  comply with court orders, an award of costs seems needlessly punitive.  For all these reasons,
6  defendants' bill of costs is denied.
7         Accordingly, IT IS HEREBY ORDERED that defendants' bill of costs (ECF No. 54) is
8  denied.
9  DATED: August 27, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE